```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

MICHAEL D. HAYNES,

                Plaintiff,              1:17-cv-00081-MAT
        -v-                             DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____
```

## INTRODUCTION

Michael D. Haynes ("Plaintiff"), represented by counsel, brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On May 30, 2013, Plaintiff protectively filed for DIB and SSI, alleging disability beginning January 2, 2011. Administrative Transcript ("T.") 155-62. The claims were initially denied on

August 19, 2013, and Plaintiff timely requested a hearing. T. 100-09. A hearing was conducted on June 8, 2015, in Buffalo, New York by administrative law judge ("ALJ") Sharon Seeley. T. 27-71. Plaintiff appeared with his attorney and testified. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on August 20, 2015. T. 7-22. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 23-26. The Appeals Council denied Plaintiff's request for review on December 23, 2016, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. T.12.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: coronary artery disease status post coronary artery bypass; degenerative disc disease of the lumbar spine; chronic kidney disease; diabetes mellitus; and obesity. T. 12. The ALJ also determined that Plaintiff's medically determinable impairment of sleep apnea was non-severe and created no significant work-related functional limitations. T. 13.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ specifically considered Listings 1.04, 4.04, 6.05, and 11.14. T. 13. The ALJ also considered SSR 02-1p (obesity), both singularly and in combination with Plaintiff's underlying impairments. *Id.*

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with the following limitations: can lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently; can sit, stand and walk for six hours each in an eight-hour workday, alternating at will (but not more frequently than every fifteen minutes) between sitting and standing; can frequently handle or finger with bilateral upper extremities; can occasionally climb stairs and ramps, but can never climb ladders, ropes or scaffolds; can work in an environment with no concentrated exposure to extreme cold or heat, wetness or humidity, or fumes, dust, or other pulmonary irritants; and no exposure to hazards such as unprotected heights or moving machinery. *Id.*

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. T. 17. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's

3

age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of: order clerk (Dictionary of Occupational Titles ("DOT") No. 209.567-014, unskilled, SVP 2, sedentary exertional level); document preparer(DOT No. 249.587-018, unskilled, SVP 2, sedentary exertional level); and charge account clerk(DOT No. 205.367-014, unskilled, SVP 2, sedentary exertional level). T. 18. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must

4

scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ failed to properly evaluate an opinion of Plaintiff's treating nurse practitioner; (2) the ALJ erred in substituting her own judgement for that of a physician; (3) the ALJ failed to properly develop the record by obtaining a treating medical opinion regarding Plaintiff's functional limitations; and (4) the ALJ failed to properly assess Plaintiff's credibility. For the reasons discussed below, the Court agrees that the ALJ failed to properly develop the record and therefore finds that remand of this matter for further administrative proceedings is required.

**I.  The ALJ's Failure to Obtain a Treating Physician's Opinion Requires Remand**

Plaintiff argues that the ALJ failed to fulfill her duty to fully and fairly develop the record by failing to obtain a treating RFC opinion after she rejected the opinion of consultative internist, Dr. John Schwab – the only medical opinion of record. Accordingly, Plaintiff requests that this matter be remanded to the

5

ALJ, with instructions to contact Plaintiff's treating sources for a functional limitation opinion.

A review of the medical record shows Plaintiff had a heart attack, followed immediately by bypass surgery in 2009. T. 216-20. Plaintiff thereafter returned to his long-held job as a custodian and was put on light duty, with the limitation of lifting no more than twenty pounds and climbing fewer stairs than he had previously. T. 14. Plaintiff testified he left his position as head custodian in 2011, in preparation for an anticipated move to the state of Georgia to be closer to his wife's parents. T. 39. Ultimately, Plaintiff and his wife did not move to Georgia; instead, his wife's parents moved back to Western New York and Plaintiff began looking for work. Plaintiff then took a maintenance job at a nursing home, which required him to take a physical exam. *Id.* The physical exam revealed Plaintiff had kidney failure and several hernias. Based on the results of the physical exam, Plaintiff was not hired by the nursing home. T. 40. Plaintiff testified his condition continued to deteriorate thereafter, with his "biggest problem" being his back pain and arthritis. T. 39-42.

A 2013 MRI showed Plaintiff had polycystic kidney disease with innumerable bilateral renal cysts, as well as multiple hepatic cysts. T. 274. The MRI also showed mild straightening of the lumbar lordosis, mild degenerative changes of the anterior endplates at T11-T12 with anterior spurring, and minimal left posterior ridging

and bulge minimally effacing the left anterior subarachnoid space. Plaintiff also had a mild left posterolateral bulge encroaching on the left neural foramen and minimally effacing the undersurface of the existing left L3 nerve root. *Id*.

Plaintiff testified he had a "slight heart attack" in 2014 and was "Mercy Flighted" to Buffalo General hospital for treatment. He continues to have chest pain if he over exerts himself. T. 43. In February 2015, treatment notes indicate Plaintiff's back pain was continuing to worsen. Plaintiff's treating nurse practitioner, Michael Ostolski, noted on examination Plaintiff had tenderness in his lower back and complained of painful joints. Plaintiff was walking with a cane. T. 322-23. In April 2015, nurse practitioner Ostolski again noted Plaintiff's painful joints and referred Plaintiff for a CT scan. T. 320. Plaintiff testified he also suffers from numbness in his hands, which causes him to drop things. T. 45. He testified the numbness lasts for ten-to-twenty minutes at a time, during which he has no feeling. T. 46-47.

Plaintiff was examined by Dr. John Schwab on August 13, 2013. Upon examination, Plaintiff was able to walk on his heels and toes without difficulty, squat fully, get on and off the exam table without difficulty, and rise from his chair without difficulty. Dr. Schwab opined Plaintiff should avoid any endurance activities, but otherwise had no restrictions based on the examination. T. 278-81. Dr. Schwab diagnosed Plaintiff with coronary artery disease

status post myocardial infarction with six stents placed, hypertension, diabetes mellitus type two, osteoarthritis in his lumber vertebrae, polycystic kidney disease, history of abdominal hernias, and tobacco abuse. T. 281.

In her decision, dated August 20, 2015, the ALJ gave Dr. Schwab's opinion "great weight as of the date on which it was rendered." T. 16. "However," she noted, "the claimant testified and the medical records indicate that his condition has worsened in some respects in the interim. Accordingly, Dr. Schwab's opinion cannot be given great weight in assessing the claimant's residual functional capacity." *Id.* Plaintiff's medical record contains no additional medical opinions.

Although the Commissioner's regulations provide that a claimant is responsible for furnishing evidence upon which to base an RFC assessment, "the ALJ generally has an affirmative obligation to develop the administrative record [before making a disability determination.] This duty exists even when the claimant is represented by counsel." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (internal citation omitted). Furthermore, the ALJ is responsible for "making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 404.1545 (citing 20 C.F.R. §§ 404.1512(d) through (f)). Although an ALJ is not required to obtain a medical opinion where the record is sufficient to make an informed

8

decision, an ALJ is not qualified to assess a claimant's RFC based on bare medical findings. *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citing *Daily v. Astrue*, 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010)).

Here, Plaintiff argues that the ALJ's decision to discount Dr. Schwab's stale consultative opinion renders the record devoid of any means by which the ALJ could reasonably reach a finding based on substantial evidence. The Court agrees.

Where the record contains no useful medical opinions or a body of evidence sufficient enough to properly assess a plaintiff's RFC without the opinions, as in this case, remand is warranted. *See McCarthy v. Colvin*, 66 F.Supp.3d 315, 322 (W.D.N.Y. 2014) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required.") (quoting *Zorilla v. Chater*, 915 F.Supp. 662, 666-67 (S.D.N.Y. 1996)). Furthermore, it is well-established that an ALJ is not "permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal citations omitted).

In her decision, the ALJ acknowledged the medical record indicated that Plaintiff's condition had worsened since Dr. Schwab's examination and opinion in 2013. T. 16. However, the ALJ did not seek an updated consultative opinion or request an

9

assessment of Plaintiff's functional limitations from Plaintiff's treating doctors, but instead relied on her own assessment of Plaintiff's functional capacity. This error was not harmless. At the hearing, the ALJ presented the VE with a hypothetical of only occasional use of hands for grasping and fingering, presumably in light of Plaintiff's testimony he had frequent numbness in his hands. The VE testified that including that limitation, along with the other limitations the ALJ presented, would eliminate all jobs at the sedentary, unskilled level. T. 69. The ALJ was thus on notice that Plaintiff's numbness could significantly erode the occupational base. Nevertheless, she did not seek a medical opinion regarding the extent of Plaintiff's handling and fingering limitations, but instead relied on her own lay assessment of the evidence in concluding that Plaintiff was capable of frequent handling and fingering. The VE's testimony demonstrates that the ALJ's failure to appropriately develop the record was not harmless.

The Court further finds that, in the absence of an updated medical opinion, Plaintiff's treatment notes alone cannot constitute substantial evidence in support of the ALJ's conclusion. Although the record contains treatment notes relating to Plaintiff's degenerative disc disease, chronic kidney disease, coronary artery disease, and diabetes, it does not contain medical assessments as to the severity of these conditions, nor an assessment of how they might impact Plaintiff's functional

capacity. While treatment records may be used to support a conclusion based on medical findings and acceptable medical opinions, it was error for the ALJ to substitute her own interpretation of the medical record for the opinions of treating or examining medical professionals. *See Dennis v. Colvin*, 195 F.Supp.3d 469, 473 (W.D.N.Y. 2016) (remand required where the ALJ erroneously evaluated treatment notes and diagnostic testing to support the RFC finding, in the absence of a relevant medical opinion).

As a result of the ALJ's failure to appropriately develop the record, remand is warranted. *See McCarthy*, 66 F.Supp.3d at 322 (remanding where ALJ discounted the only medical opinion that assessed claimant's functional limitations and instead relied on his own assessment). On remand, the ALJ is directed to obtain an opinion of Plaintiff's functional capacity from a treating physician or, if such an opinion is unavailable, to order an updated examination by a consultative physician.

**II. Plaintiff's Remaining Arguments**

Plaintiff has also argued that the ALJ failed to properly evaluate an opinion of his treating nurse practitioner and failed to properly assess his credibility. Having found remand necessary as explained, the Court need not address Plaintiff's remaining arguments.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 14) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 19) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                        _____
                                        MICHAEL A. TELESCA
                                        United States District Judge

Dated:     July 24, 2018
             Rochester, New York